CATHERINE SAFNER, RESPONDENT, v. HARRY GOLLIN AND BAYONNE HARDWARE COMPANY, APPELLANTS.

Submitted July 7, 1921—Decided November 3, 1921.

A statement by the treasurer of a corporation regarding an automobile accident made some days after the occurrence casually and not in the course of the business entrusted to the declarant is not admissible evidence against the corporation.

---

On appeal from the Hudson County Circuit Court.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellants, *Runyon & Autenreith.*

For the respondent. *Feinberg & Feinberg.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal by the Bayonne Hardware Company from a judgment entered in the Hudson County Circuit Court against it and one Harry Gollin. The action was brought to recover damages for injuries received by the plaintiff below in an automobile accident. The plaintiff, Mrs. Safner, was the mother-in-law of Felix Milwid, the owner of an automobile, and at the time of the accident was a passenger in her son-in-law's car, which was being driven by his brother Bonislaw. The car, as it was being driven south on the Hudson County Boulevard, came into collision with a Ford automobile, being operated by the defendant Harry Gollin. The car in which the plaintiff was riding was overturned and the plaintiff received the injuries for which the action was brought. As between the plaintiff and Harry Gollin, the operator of the Ford car, the case was one of fact to be determined by a jury, as to whose negligence was responsible for the accident. As to the defendant the Bayonne Hardware Company another question is presented, and that is whether Harry Gollin was at the time of the accident the servant or agent of the Bayonne Hardware Company. On the evening of the accident Harry Gollin happened to be in the store, at a time when his father, Max Gollin, had just completed the sale of a pane of glass to a customer. Max Gollin asked his son, who was not connected in any way with the company, to assist the purchaser home with the glass. Harry Gollin and the purchaser left the store with the pane of glass, and, as they reached the sidewalk, Harry Gollin saw a Ford touring car belonging to his brother Irving Gollin, who was treasurer of the company, parked in front of the store. It was not a car belonging to or used for the purposes of the business of the Bayonne Hardware Company. Upon seeing the car, Harry Gollin, without permission of the owner, and without his knowledge, or the knowledge of Max Gollin, took the car and invited the purchaser of the glass to enter it, and sit upon the back seat and hold the glass. Harry Gollin then drove the car to the place the customer desired to go. The accident occurred just after the glass had been delivered

and as Harry Gollin was pulling out from the curb. The evidence of the agency of Harry Gollin to act for the Bayonne Hardware Company depends upon a conversation said to have taken place a few days after the accident between Felix Milwid, the owner of the car in which the plaintiff was riding, and Irving Gollin, treasurer of the Bayonne Hardware Company, and the owner of the Ford car which Harry Gollin was driving. Felix Milwid testified that he met Irving Gollin in a cigar store about three days after the accident and that Irving Gollin said to him: "I am sorry I sent that boy to deliver the glass the same day he gets the license. I don't think he drives very good. I sent that glass and such a heavy accident—such a big accident—I am sorry." It will be observed that this statement succinctly puts into the mouth of Irving Gollin the words necessary to make Harry Gollin the agent of the Bayonne Hardware Company at the time of the occurrence of the accident. This conversation was admitted, over the objection of the counsel for the Bayonne Hardware Company. If the conversation is admissible, and is to be construed as an admission of the treasurer of the Bayonne Hardware Company, binding upon that company, then the jury were warranted in finding a verdict against the company as well as against Harry Gollin. If the conversation is inadmissible, then there is no evidence in the case upon which the verdict against the Bayonne Hardware Company can be sustained. In our opinion, the purported statement made in the cigar store to Felix Milwid by Irving Gollin was inadmissible. In the case of *Ashmore* v. *Pennsylvania Steam Towing and Transportation Co.,* 38 *N. J. L.* 13, Chief Justice Beasley held that conversations which were entirely casual and not connected with the doing of any act within the scope of the agent's authority were not admissible in evidence, although made by a general agent in charge of the business. To make admissions receivable in evidence when made by a general agent they must not only refer to the business of the principal but they must be made in pursuance and as a part of such business. This principle has been further enunciated by our highest court in the cases of *Huebner, Administrator,* v.

*Erie Railroad Co.,* 69 *Id.* 327, and *Agricultural Insurance Co.* v. *Potts,* 55 *Id.* 158. Applying this test to the present case, it will be seen that the statement purported to have been made by Irving Gollin was one which was casually made some days after the occurrence and in no sense made in the performance of his duties as treasurer of the company. For these reasons the statement should not have been received in evidence. This view results in a reversal of the judgment rendered against the Bayonne Hardware Company in the court below.